THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CYNTHIA A. MILLS,                      )
                                       )
          Petitioner,                  )      Civil Action No. 23-1368
                                       )
          v.                           )      Magistrate Judge Maureen P. Kelly
                                       )
UNITED STATES OF AMERICA, and          )      Re: ECF No. 1
ANTHONY MORI,                          )
                                       )
          Respondents.                 )
                                       )

**MEMORANDUM OPINION**

Pending before the Court[1] is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

(the "Petition") filed by Cynthia A. Mills ("Petitioner"). ECF No. 1. This Petition will be denied

as moot.

At the time she filed the instant petition in 2023, Petitioner was in the custody of the Federal

Bureau of Prisons ("BOP"), serving a sentence imposed in United States v. Mills, Crim. A. No.

2:17-cr-19. In the Petition, Petitioner asserts that the BOP had improperly failed to release her

from custody in accordance with the Elderly Offender Program. Respondents filed an Answer.

ECF No. 10. Petitioner did not file a Reply.

On May 7, 2025, Respondents noticed the Court that Petitioner had been released from

BOP custody as of January 12, 2024. ECF No. 13. This Court issued an Order to Show Cause to

Petitioner, ordering her to show good cause by August 24, 2025, as to why her petition should not

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 6, 8.

1

be dismissed as moot, it appearing that she had received the relief she sought therein. ECF No. 15. Petitioner never t responded.

Under 28 U.S.C. § 2241, this Court has jurisdiction to hear the petition of a federal prisoner who is challenging the execution of her sentence. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, it is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-48; Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013). Such is the case here.

In the instant Petition, Petitioner seeks release from BOP custody. She is no longer in BOP custody. Accordingly, this Court cannot provide Petitioner with any federal habeas relief.

3

The Petition will be denied as moot. An appropriate Order follows.

Dated: June 16, 2026

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc.     All counsel of record by Notice of Electronic Filing

Cynthia A. Mills
38365-068
QP0877
Renewal Halfway House
704 2nd Avenue
Pittsburgh, PA 15219

3